UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| REUBEN KENYATTA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-304 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| CITY OF MUSKEGON HEIGHTS et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND FOR DISMISSAL OF THE COMPLAINT**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff Reuben Kenyatta's objections to the Magistrate Judge's May 27, 2005, Report and Recommendation ("R&R") recommending that Plaintiff's action be dismissed for failure to state a claim. The Court granted Plaintiff's motion for extension of time to file his objections to the R&R. Plaintiff filed objections on June 23, 2005.

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In his objections to the R&R, Plaintiff acknowledges that there "exists no constitutional obligation to protect members of the public at large from crime." Plaintiff, however, seeks to amend his complaint to raise a claim that Defendants provide "selective law enforcement to fluent [sic] white citizens while denying the same protective services to disenfranchised African

American homeowners" in violation of his right to equal protection. Plaintiff did not allege race-based discrimination in his complaint. The only equal protection claim asserted by Plaintiff in his original complaint was that Defendants failed to investigate a robbery at his home because he is an incarcerated individual.

The R&R properly concluded that the allegations set forth in Plaintiff's complaint fail to state a claim. To the extent Plaintiff seeks to amend his complaint to add a claim of race-based discrimination, the Court has no discretion in allowing an amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) *when filed*, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore*, 114 F.3d at 612 (emphasis added). Accordingly,

**IT IS HEREBY ORDERED** that the May 27, 2005, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's civil rights action is DISMISSED for failure to state a claim.

Dated:     July 27, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE